[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : January 17, 1992
Date of Application : January 17, 1992
Date Application Filed : January 17, 1992
Date of Decision : September 24, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR 90-50044; CT Page 5433-AAAA
Preston Tisdale, Esq., Defense Counsel, for Petitioner
 Cornelius Kelly, Esq.,, Assistant State's Attorney, for the State.
 Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 32 years of age at the time of sentencing, was convicted following a trial by jury of the crimes of Felony Murder in violation of §§ 53a-54 and 53a-134, Murder in violation of § 53a-54a(a), and Carrying a Pistol without a permit in violation of §§ 29-35 and 29-37 (b). He was sentenced to a term of 60 years on the murder count (the murder and felony murder counts were merged for sentencing purposes) and a consecutive 5 year sentence on the weapons charge. The total effective sentence of 65 years was the maximum for the convictions. It was imposed to run consecutively to any sentence he was then serving.
The crime occurred on March 11, 1990 at approximately 1:30 a.m. The victim and his female companion had driven to the P.T. Barnum apartments in Bridgeport to purchase narcotics when the petitioner approached the victim's side of the car (he was the passenger), placed a gun to his head and demanded money. The victim gave him $10.00. Not satisfied with the $10.00 the petitioner began patting the victim down while still holding the gun to his head. After confirming the victim had no other money, the petitioner asked the female driver for money. As she reached for her purse to hand it to Gant, the victim reached out of the car window toward Gant, who in turn fired his weapon at the victim multiple times. The victim was shot in the chest, arms, back and legs.
The victim's companion then drove him to a hospital where he died while in surgery.
In asking for a reduction, defense counsel points to his CT Page 5433-BBBB deprived childhood, that he was born to a fourteen year old girl and raised by his grandmother and that a serious auto accident when he was six years old may have resulted in some form of traumatic brain injury. He had a history of drug abuse including cocaine and heroin.
The state's attorney, in arguing against a reduction, points out the petitioner was on federal parole from a ten year sentence imposed in 1983 for bank robbery. His parole expiration was November 20, 1992.
The petitioner has an extensive criminal record and has been incarcerated for most of his adult life.
He had approximately twenty felony convictions including robberies, burglaries, larcenies, sexual assault 1st degree, escape 1st degree, and the bank robbery previously alluded to. As the Court pointed out, when he was not incarcerated he was committing one outrage after another and finally executed an unarmed young man who had given him his money.
The sentencing court had nothing to indicate the petitioner would change his predatory behavior.
In view of this history the sentencing court could reasonably conclude that public safety was a paramount consideration in determining the sentence. The Division concludes the sentencing court had good and sufficient reason to impose the maximum penalty in this case. We find the sentence to be proportionate and reasonable under all the circumstances. (§ 942 of the Practice Book). It is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.